UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

UNITED STATES OF AMERICA,        :
                                 :   Civ. A. No. 15-6327 (NLH/KMW)
                Plaintiff,       :
                                 :
                v.               :
                                 :   **OPINION**
TUYET VO,                        :
                                 :
                Defendant.       :
_____

**APPEARANCES:**
KAVITHA BONDADA
TAX DIVISION
P.O. BOX 277
BEN FRANKLIN STATION
WASHINGTON, DC 20044
     On behalf of Plaintiff


**HILLMAN, District Judge**

     Presently before the Court is the motion for default judgment filed by Plaintiff United States of America.  The United States seeks to reduce to judgment the tax assessments made against Defendant Tuyet Vo for unpaid federal income tax liabilities and their respective statutory additions for tax years 1999-2002.  Plaintiff's one-count complaint alleges that despite notice and demand, Defendant failed to pay her tax liabilities.  Plaintiff alleges that as of November 24, 2014, the amount Defendant owes is $960,687 plus statutory additions, including interest, accruing after that date. (Compl. ¶ 8.)

Despite the filing of this suit, Defendant failed to respond to Plaintiff's complaint, and Plaintiff requested default on October 19, 2015. [Doc. No. 4.] Plaintiff subsequently obtained a Clerk's entry of default against Defendant. Plaintiff now moves for default judgment. [Doc. No. 5.] For the reasons expressed below, Plaintiff's motion will be granted.

## JURISDICTION

Plaintiff raises a claim under the Internal Revenue Code which provides that "any case where there has been a refusal or neglect to pay any tax . . . the Attorney General or his delegate . . . may direct a civil action to be filed in a district court of the United States." I.R.C. § 7403. Accordingly, this Court may exercise jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

## DISCUSSION

**A.  Clerk's Entry of Default**

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendant on October 9, 2015.

**B.  Default Judgment**

2

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of America, No. 91-480, 1991 WL 131182, at *1 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should

3

be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

<u>**ANALYSIS**</u>

**A.   Whether plaintiff has stated a cause of action**

In Plaintiff's complaint, the following claims are pleaded against Defendant:

Count One – Reduce Federal Income Tax
Assessment to Judgment

5.   In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made the following federal income tax assessments against the taxpayer:

| TAX TYPE | TAX PERIOD | ASSESSMENT DATE | ASSESSMENT |
|---|---|---|---|
| Form 1040 | 1999 | 9/05/2005 | $254,561 |
| Form 1040 | 2000 | 12/12/2005 | $68,525 |
| For | 2001 | 9/05/2005 | $41,113 |

4

| | | | |
|---|---|---|---|
| m 104 0 | | | |
| For m 104 0 | 2002 | 9/05/2005 | $21,595 |

6.   Despite being given notice and demand for payment, the taxpayer has not paid the tax liabilities.

7.  Statutory interest and penalties have accrued and will continue to accrue on the tax liabilities.

8.   As of November 24, 2014, the amount the taxpayer owes is $960,687, plus penalties and interest that continue to according to law.

WHEREFORE, the United States prays that this Court:

A. Render a judgment in favor of the United States and against the taxpayer Tuyet Vo for the income tax liability set forth above, in the amount of $960,687, as of November 24, 2014, plus statutory additions, including interest, accruing after that date;

B. Grant such other and further relief as the Court deems just and equitable.

(Compl. at 2-3 [Doc. No. 1].)

In order to determine whether Plaintiff stated a valid cause of action against Defendant, Plaintiff's allegations must be accepted as true and applied to the standards for determining whether federal income tax liabilities are permitted to be reduced to judgment.

Any tax imposed by the Internal Revenue Code may be collected by a proceeding in court so long as the proceeding commenced "within 10 years after the assessment of the tax." I.R.C. § 6502.  A prima facie case of tax liability may be established "by introducing into evidence certified copies of the certificates of tax assessment." United States v. Stuler, 396 F. App'x. 798, 801 (3d Cir. 2010); see also Freck v. IRS, 37 F.3d 986, 991 n.8 (3d Cir. 1994).  An "assessment" is the Internal Revenue Service's determination of a specified amount a taxpayer owes to the federal government.  United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002).  These assessments are entitled to a legal presumption of correctness.  Id.  "Once a prima facie case has been made, the taxpayer bears the burden of proving that the assessment is incorrect." Stuler, 396 F. App'x at 801 (citing Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001) ("Here, the District Court correctly reasoned that the Government met its burden of demonstrating a prima facie case, and that Stuler failed to introduce any evidence that the assessments against him were incorrect.").

Based on the facts as pleaded in the complaint, Plaintiff stated a valid claim for a judgment on Defendant's federal income tax liabilities.  Plaintiff, filed its complaint on August

21, 2015 to collect unpaid taxes assessed on September 5, 2005 and December 12, 2005, thus the proceeding commenced within 10 years after the assessment of the tax.  In support of Plaintiff's claims, Plaintiff attached to its motion for default judgment copies of certificates of tax assessments for tax years 1999-2002 [Doc. No. 5. at 8-16], therefore establishing a prima facie case of tax liability.  Accepted as true, these claims state a valid cause of action for the reduction of federal income tax assessment to judgment.

**B.   Whether plaintiff is entitled to a default judgment**

Now that it has been determined that Plaintiff stated a viable claim for the reduction of federal income taxes to judgment, it must be determined whether Plaintiff is entitled to a default judgment.  As stated above, prior to entering judgment where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct.  Chamberlain, 210 F.3d at 164.

**1.   Prejudice to plaintiff**

When a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment

because plaintiff will be left with no other means to vindicate his or her claims. Smith v. Kroesen, No. 10-5723, 2015 WL 4913234, at *5 (D.N.J. Aug. 18, 2015). Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff.

**2.    Existence of meritorious defense**

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Here, the Court cannot consider Defendant's defenses if any exist because Defendant failed to respond to this action. See Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Thus, no meritorious defense presently exists with respect to deciding this motion for default judgment.

### 3. Whether defendant's delay is the result of culpable conduct

"Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). "A properly served defendant has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment may be entered against him." Smith, 2015 WL 4913234, at *5.

Here, Plaintiff served Defendant with its complaint on August 28, 2015 and Defendant failed to respond. Non-responsiveness and refusal by Defendant to engage in the litigation process constitutes culpable conduct because Defendant is obligated to defend against Plaintiff's claims.

Consequently, because the Court finds that Plaintiff will be prejudiced if default judgment is not granted, Defendant has no meritorious defense, and Defendant's failure to appear in this case is the result of her culpable conduct, the Court finds in favor of Plaintiff's motion.

### 3. Damages

In order to determine what damages Plaintiff is entitled to for its judgment against Defendant, the Court may "conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it

needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); cf. Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Smith, 2015 WL 4913234, at *5 (quoting Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc., 2012 WL 6043624, *4 (M.D. Pa. Dec. 5, 2012) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he 'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue.")).

To support its motion for default judgment, Plaintiff provided a declaration from a Revenue Officer of the Internal Revenue Service and the relevant Account Transcripts which calculate Defendant's tax liabilities to amount to $973,658 as of November 2, 2015. The Court finds that Plaintiff's documents provided in support of default judgment demonstrate Plaintiff is entitled to the reduction of the tax liabilities to judgment. Plaintiff may submit updated affidavits and Account Transcripts for consideration of the Court with respect to statutory

10

additions and interest accruing after November 2, 2015.

## CONCLUSION

Consequently, for the reasons expressed above, Plaintiff's motion for default judgment against Defendant will be granted as to Plaintiff's claim for a judgment on Defendant's tax liability.

An appropriate Order will be entered.


Date: February 8, 2016                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

11